UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

In re:

JOSEPH PAUL ZADA

    Debtor.

_____/

Case No. 10-54291
Chapter 7
Honorable Steven Rhodes

In re:

EQUEST PROPERTIES, LLC.

    Debtor.

_____/

Case No. 10-55191
Chapter 7
Honorable Steven Rhodes

## MOTION TO MODIFY ORDER OF DISMISSAL AND FOR STATUS CONFERENCE

Sergei Federov, by his counsel, Jaffe, Raitt, Heuer & Weiss, Professional Corporation, states:

1. Both of these cases were dismissed by orders entered on May 18, 2010, in response to motions for dismissal filed by Mr. Fedorov and the petitioning creditors. (Zada Docket No. 28, Equest Docket No. 27) The orders reserved jurisdiction to determine the request of Mr. Fedorov and the petitioning creditors that the dismissal should be with prejudice and fixed a bar date for discovery on that issue of June 15, 2010, and an evidentiary hearing on July 13, 2010. The orders also reserved jurisdiction to consider the Debtors' motions for alleged violations of the automatic stay if those motions were filed within 14 days.

2. On May 25, 2020, counsel for Mr. Fedorov advised counsel for the Debtors he would not be proceeding at this time with his request for a dismissal with prejudice or the related discovery and evidentiary hearing.

3. The Debtors in each of the above cases on June 1, 2010, filed Motion of Alleged Debtor,

Pursuant to 11 USC Sec. 362(k)(1), for Order Imposing Sanctions against (I) Receiver of Joseph Zada, et. al., and (II) Sergei Federov, Based on Willful Violation of Automatic Stay (the "Sanction Motion") and a supporting Brief (the "Brief"). (Zada Docket No. 34, Equest Docket No. 29)

4.     The Sanction Motion requests, among other things, that Mr. Fedorov be "forever barred" from seeking "with prejudice" dismissal of the bankruptcy cases. This will force Mr. Fedorov to litigate this issue after he had elected not to do so.

5.     Unfortunately, given the timing of these events, Mr. Fedorov through no fault of his own will not have sufficient time to take discovery on this issue before the June 15th bar date. In addition, it is submitted that the Court cannot rule on this specific request for relief in the Sanction Motion absent holding the evidentiary hearing provided in the Order of Dismissal.

6.     In addition, Mr. Fedorov has served on counsel for the Debtors a motion for sanctions (the "Rule 9011 Motion") under Fed.R.Bankr.P. 9011 with respect to the Sanction Motion, which has not yet been filed in accord with the "safe harbor" provisions of Rule 9011(c)(1)(A). (A copy of the motion is attached as Exhibit B.)

7.     In order to avoid the expense of preparing for an evidentiary hearing that may be unnecessary, and in order to avoid the prejudice of participating in an evidentiary hearing without adequate discovery, and in order to use the time of the lawyers and the Court most efficiently, Mr. Fedorov suggests consolidation of the hearings on the Sanction Motion and the Rule 9011 Motion, and that the bar date for discovery and the date for the evidentiary hearing on the "with prejudice" issue be fixed after the adjudication on those motions.

7.     That consolidated hearing cannot occur until some time after June 23, 2010, the end of the safe harbor period during which the Debtors have the option to withdraw the Sanction

Motion.

8.     For these reasons, Mr. Fedorov requests the Court to modify the dismissal order to fix the bar date for discovery and the date for the evidentiary hearing to a date to be determined by the Court, and to schedule a status conference to fix a consolidated hearing on the Sanction Motion and the Rule 9011 Motion.

Wherefore, Sergei Fedorov requests the Court to enter the order attached as Exhibit A, and to grant such other relief as it deems appropriate and just.

Respectfully submitted,
JAFFE, RAITT, HEUER & WEISS, P.C.

By: /s/ Louis P. Rochkind
Louis P. Rochkind (P24121)
Counsel for Sergei Federov
27777 Franklin, Suite 2500
Southfield, Michigan 48034
Tel: (248) 351-3000
lrochkind@jaffelaw.com